**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1839-17T4

WELLS FARGO BANK, N.A.,

    Plaintiff-Respondent,

v.

DEBRA LEIGH BARTHOLOMEW
and MORRIS E. BARTHOLOMEW,

    Defendants-Appellants.

_____

Submitted February 6, 2019 – Decided April 16, 2019

Before Judges Ostrer and Currier.

On appeal from Superior Court of New Jersey, Chancery Division, Ocean County, Docket No. F-004391-17.

Debra Leigh Bartholomew and Morris E. Bartholomew, appellants pro se.

Reed Smith, LLP, attorneys for respondent (Henry F. Reichner, of counsel and on the brief).

PER CURIAM

Defendants Debra and Morris Bartholomew appeal three orders entered during the course of this residential foreclosure action. After a review of the contentions in light of the record and applicable legal principles, we affirm.

In 2009, defendants executed a note to American Mortgage Network, Inc., for $146,160 secured by a mortgage on their property. The mortgage was subsequently assigned to plaintiff Wells Fargo Bank, N.A. in 2010.

Defendants and plaintiff entered into a modification agreement in April 2016. On May 1, 2016, defendants defaulted on the modified note and mortgage. A notice of intention to foreclose (NOI) advised defendants of the required payment to cure the default. Although defendants did make several payments over the next few months, they failed to pay the specified amount necessary to cure the default by the required date.

A complaint for foreclosure was filed February 22, 2017. Defendants filed an answer with affirmative defenses. Thereafter, plaintiff moved for summary judgment. Defendants' opposition to the motion was filed July 6, 2017. In a July 7, 2017 oral decision, the judge stated the motion was unopposed. He found plaintiff had established a prima facie right to foreclose and granted it summary judgment.

A-1839-17T4

In September 2017, plaintiff moved for final judgment. Defendants objected to the amount due calculation, asserting plaintiff lacked proofs that it had paid property taxes and disputing the amount of the late charge. On October 27, 2017, the judge found plaintiff had supported its calculations for the late charges and property taxes and, therefore, denied defendants' motion. Final judgment was entered on November 1, 2017.

Defendants appeal from the July 7, October 27, and November 1, 2017 orders. We address each in turn.

In appealing the July 7, 2017 grant of summary judgment to plaintiff, defendants assert the note was not certified to be a true copy of the original, and there were improprieties with the assignment of mortgage and NOI. Granting all favorable inferences to the non-movant defendants, as we must, we fail to discern any genuine issues of material facts. R. 4:46-2(c). Plaintiff demonstrated its standing to foreclose on the property based on the assignment of the mortgage, which pre-dated the foreclosure complaint. Plaintiff's certification in support of its motion advised it possessed the note prior to institution of the suit.

A-1839-17T4

It appears the trial judge did not have defendants' opposition to the summary judgment at the time of his ruling.[1] A review of defendants' opposition papers reveals they raised issues identical to those presented to us on appeal. As we have found defendants' arguments meritless, we find the judge's oversight to be of no consequence. We also note defendants did not move for a reconsideration of the judge's ruling to permit the court to address their opposition.

Defendants further contend the court improperly denied their motion to fix the amount due, asserting plaintiff violated the Home Ownership Security Act (HOSA), N.J.S.A. 46:10B-22 to -35, by charging an excessive late fee. Although defendants had not demonstrated their loan was subject to HOSA, the trial judge nevertheless considered the argument. He noted the "[p]roof of [a]mount [s]chedule" plaintiff submitted listed its calculations for late charges. The judge stated that defendants' calculation failed to account for the interest on the escrow component of the amount due, in addition to the late fees assessed on principal and interest. Adding the late fee charges on the escrow component logically resulted in a higher total payment due for late charges. Therefore, the

---

[1] Defendants do not raise this omission as an argument on appeal.

A-1839-17T4

judge found there was no violation of HOSA. We are satisfied the October 27, 2017 order is supported by the evidence presented in the record.

For the reasons stated, entry of final judgment was proper under Rule 4:64-1(d).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION